IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VICKI CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-03288-MDH |
| | ) |
| MICHELLE KING, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Tile II Disability Insurance Benefits and for Title XVI Supplemental Security Income. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court reverses and remands the ALJ's determination for further proceedings.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of lumbar spondylosis, fibromyalgia, seronegative rheumatoid arthritis, cervical stenosis status post discectomy, Raynaud's disease, trigeminal neuralgia, chronic pain syndrome, and obesity. The ALJ found that alpha-gal allergy, thoracic degenerative disc disease, pruritus, gastroesophageal reflux disease, depression, and finger injury impairment were non-severe impairments. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: She may lift and or carry 10 pounds occasionally and 10 pounds frequently; stand and/or walk two hours out of an eight-hour day; and sit six hours out of an

1

eight-hour day. She must never climb ladders, ropes, and scaffolds; and must never crawl. She is limited to occasional reaching overhead bilaterally. She must avoid all but occasional exposure to extreme cold, vibration, and hazards such as dangerous machinery and unprotected heights.

The ALJ found Plaintiff is unable to perform any past relevant work. The ALJ found Plaintiff could perform work as a document preparer, touch up screener, and table worker. Plaintiff argues on appeal that the assessment of Plaintiff's subjective symptoms is not supported by substantial evidence because the ALJ failed to provide any explicit consideration of Plaintiff's hearing testimony and the ALJ's finding that Plaintiff does not have the medical need for a handheld assistive device to ambulate is not supported by substantial evidence.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir.

2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

**DISCUSSION**

Plaintiff argues that she provided testimony related to her symptoms and limitations stemming from her severe impairments and that the ALJ was required to consider the testimony in assessing her RFC. Citing SSR 16-3. In the ALJ's determination, Plaintiff contends the ALJ did not consider Plaintiff's testimony.

The ALJ's decision states:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*Evidence from Non-Medical Sources*

Evidence from Non-Medical Sources Evidence from non-medical sources is any information or statement from a non-medical source, including the claimant, about any issue in the claim. The undersigned may receive evidence from any non-

3

medical source either directly or indirectly from that source (20 CFR 404.1513(a)(4) and 416.913(a)(4)). Pursuant to 20 CFR 404.1520c(d) and 416.913c(d), the undersigned is not required to articulate how this evidence is considered.

In this case, the evidence from non-medical sources includes the claimant's hearing testimony, as well as the Work History Report, Recent Medical Treatment, Medications, Work Background, Function Report-Adult, Disability Report-Field Office, Disability Report-Adult, and Disability Report-Appeals forms in the record (Exs. C1E-C10E, C13E, C15E-C16E, Audio Hearing Recording).

Plaintiff argues that this evaluation by the ALJ demonstrates that she used the wrong legal standard in evaluating Plaintiff's hearing testimony and subjective complaints. Evidence provided by "other sources" must be considered by the ALJ; however, the ALJ is permitted to discount such evidence if it is inconsistent with the evidence in the record. *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015)[1]; citing *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir.2005) ("In determining what weight to give 'other medical evidence,' the ALJ has more discretion and is permitted to consider any inconsistencies found within the record.") (citation omitted).

Plaintiff argues the ALJ impermissibly conflated the requirements of assessing non-medical opinions with the requirements of evaluating Plaintiff's testimony and subjective complaints. The Court finds that while the credibility of Plaintiff's subjective testimony is primarily for the ALJ to decide, the ALJ must consider all evidence relevant to those complaints. See *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). Here, the ALJ's determination is not clear regarding the ALJ's

---

[1] "Other sources: Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. Non-medical sources include school teachers and counselors, public and private social welfare agency personnel, rehabilitation counselors, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers." *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007); citing 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007).

determination of Plaintiff's subjective testimony and complaints as it relates to the medical, and non-medical, evidence in the record.

Defendant argues that Plaintiff has attempted to "bend one broad regulatory notation" to the entirety of the ALJ's conclusion. Defendant also argues the ALJ discussed Plaintiff's allegations and the hearing testimony. However, if the ALJ applied the wrong standard of review the determination must be reversed. Regardless of whether the ALJ's determination is ultimately correct, the ALJ must apply the correct regulatory review to the record and in assessing the Plaintiff's credibility. Defendant argues the "distortion of one sentence" in the ALJ's determination does not mean the decision is not supported by substantial evidence. Again, while the record may ultimately support the ALJ's decision, the ALJ is required to apply the correct review to the record.

## CONCLUSION

Wherefore, for the reasons stated herein, the Commissioner's denial of benefits is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED**.

Dated: February 18, 2025         */s/ Douglas Harpool*
                                 **DOUGLAS HARPOOL**
                                 **UNITED STATES DISTRICT JUDGE**